CRAWLEY, Judge,
dissenting.
This court is bound by the decisions of our supreme court. Ala.Code 1975, § 12-3-16. I conclude that this case is governed by our supreme court’s opinion in Presse supra, and I must respectfully dissent.
Our supreme court’s holding in Presse is that a man, who was not married to the mother at the time of the child’s birth, does not have standing pursuant to the UPA to challenge the husband’s claim to paternity if the husband “persists in maintaining his paternal status.” 554 So.2d at 418. The husband in this case “persists in maintaining his paternal status;” therefore, J.W.O. does not have standing to challenge that status.
The majority distinguishes this case from Presse because the child in this case was not conceived during the marriage of the mother and the husband unlike the facts in Presse. Our supreme court did not hold that the mother’s husband is presumed the father only if the child is conceived during the marriage. The reference to “conceived and bom” in the Presse opinion only states the facts that were presented in that case. See Id. at 411. In order for the husband to be presumed the father, the UPA only requires that the child be born during the marriage. Ala.Code 1975, § 26-17-5(a)(l). The UPA does not require that the child be conceived during the marriage for the husband to be presumed the father.
Our supreme court further stated that the “UPA espouses principles that seek to protect the sanctity of family relationships.” Id. at 412. I conclude that this case presents even stronger facts to protect such relationships presented in the Presse case. Here, the mother and husband are currently married, unlike the parents in Presse. Also, unlike the mother in Presse, the mother in this case opposes the claim of J.W.O.
To allow J.W.O. to have standing to challenge the husband’s paternity would allow J.W.O. to disrupt and attack an intact nuclear family arrangement. Our legal system values marriage and the traditional family setting, and it will not allow a stranger to that relationship to challenge its existence. Also, our supreme court’s holding in Presse *1010 protects the “substantial state interest in the psychological stability and general welfare of the child.” Id. at 418. Finally, there is no financial reason to allow J.W.O. to challenge the husband’s paternity because the husband is providing support for the child.
I conclude that the holding of Presse applies to the facts of this case and that the policy concerns stated by our supreme court are even more applicable to this case.